

1   Clifford J. Bourgeois
    6460 Convoy Ct., Spc 220
2   San Diego, CA  92117
3   joebourg62@aol.com
    (619) 606-5482
4

5

6

7

8               **District court of the United States**
9               **Southern district of California**

10  | **Clifford J. Bourgeois,** | |
11  | *Plaintiff,* | |
    | | |
12  | **vs.** | **'14 CV 0 3 9 4 JLS DHB** |
13  | **Receivables Performance** | |
    | **Management, LLC,** | **Case No :** |
14  | | |
    | **Howard George, CEO, Receivables** | |
15  | **Performance Management, LLC,** | **Complaint for Damages** |
16  | **Doe #1, Michelle (last name** | |
    | **unknown), Employee, Receivables** | |
17  | **Performance Management, LLC,** | **Trial by Jury Demanded** |
18  | **Doe #2, Sahib (last name unknown),** | |
    | **Employee, Receivables Performance** | |
19  | **Management, LLC,** | |
20  | ***Does 3 – 100, inclusive*** | |
    | ***Defendants*** | |
21

22

23           **<u>NATURE OF THIS CLAIM/COMPLAINT</u>**

24  1.   The United States Congress has found abundant evidence of the use of

25       abusive, deceptive, and unfair debt collection practices by many debt

26       collectors, and has determined that abusive debt collection practices

27       contribute to the number of personal bankruptcies, to marital instability, to

28       the loss of jobs, and to invasions of individual privacy. Congress wrote the

Fair Debt Collection Practices Act, *15 USC 1692 et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. The California legislature wrote The Rosenthal Fair Debt Collections Act, *California Civil Code (CCC) 1788, et seq.* (hereinafter Rosenthal Act).

3.  The United States Congress has found evidence that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy. Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call is the only effective means of protecting telephone consumers from this nuisance and privacy invasion. Congress wrote The Telephone Consumer Protection Act of 1991, *47 USC 227.* (hereinafter TCPA).

4.  This Complaint for damages is brought by an individual Plaintiff for Defendants' violations of the following three strict-liability statutes:

   a.  The Fair Debt Collection Practices Act, *15 USC 1692, et seq.*
       (FDCPA);

   b.  The Rosenthal Fair Debt Collections Act, ***California Civil Code
       (CCC) 1788, et seq.*** (Rosenthal Act) and;

   c.  The Telephone Consumer Protection Act, *47 USC 227* (TCPA).

5.  Plaintiff seeks to recover monetary damages for Defendants' violations of
    the FDCPA, the Rosenthal Act and the TCPA.

### JURISDICTION AND VENUE

6.  This court has jurisdiction pursuant to Article 3 of the Constitution, *15 USC
    1692(k)d, 28 USC 1331 and CCC 1788.30f.*

7.  Plaintiff resides in San Diego County, California.  Defendants' conduct
    causing this complaint occurred in San Diego County, California.

8.  Venue is proper in the southern district of California.

### PARTIES

9.  The Plaintiff in this lawsuit is Clifford J. Bourgeois, a natural person
    residing in San Diego County, California and a consumer as defined by *15
    USC 1692(a)3.*

10. Defendant Receivables Performance Management, LLC (RPM) is a properly
    licensed debt collection agency **(Exhibit A-1)**, headquartered at 20816 44th
    Ave W., Lynnwood, WA  98036 **(Exhibit A-2)**.

11. Defendant Howard George is the CEO of RPM and is located at 20816 44th
    Ave W., Lynnwood, WA  98036 **(Exhibit B)**.

12. Defendant Doe #1, Michelle (last name unknown), is an employee of RPM
    and located in Lynnwood, WA.

13. Defendant Doe #2, Sahib (last name unknown), is an employee of RPM and
    located in Lynnwood, WA.

14. Defendants are persons who, at all relevant times, engaged in, by using the mails and telephone, the collection of a debt as defined by *15 USC 1692a(5)* and *CCC 1788.2(d)*.

15. Defendants are "debt collectors" as defined by *15 USC 1692a(6) and CCC 1788.2(b)*.

## FACTUAL ALLEGATIONS

16. From October 18, 2013 to November 11, 2013, Plaintiff received 13 calls to his wireless telephone (number (619) 606-5482) originating from (804) 234-9019 **(Exhibits C thru O)**.

17. The originating telephone number, (804) 234-9019, belongs to  Defendants and is used in their "Automatic Telephone Dialing System" (ATDS) **[Exhibit A-3]**, as defined by *47 USC 277A(1)*, for outbound calling services **(Exhibit A-2)**.

18. On October 24, 2013, Plaintiff answered telephone call number five of 13 and spoke with a female identified only as "Michelle from RPM."

19. On October 24, 2013, Plaintiff answered telephone call number six of 13 and spoke with a male identified only as "Sahib from Receivables Performance Management."  When Plaintiff asked the type of company Receivables Performance Management is, Sahib stated, "We are a financial institution."

20. Regarding each call, at no time has Plaintiff ever given his express consent, written or otherwise, allowing Defendants' use of ATDS equipment to call his wireless telephone.  Consequently, Defendants violated *47 USC 277b(1)A(iii)* for each call.

21. Plaintiff answered six of the 13 calls and was greeted by a female prerecorded voice.  At no time has Plaintiff ever given his express consent, written or otherwise, allowing Defendants' use of a prerecorded voice to call his wireless telephone.  Consequently, Defendants violated *47 USC 277b(1)A(iii)* for 6 calls.

22. During each call, Defendants failed to disclose their identity or purpose of the call. Consequently, Defendants violated *15 USC 1692d(6)* for each call.

23. During each call, Defendants failed to disclose they were a debt collector. Consequently, Defendants violated *15 USC 1692e(11)* for each call.

24. During calls five and six, Defendants did not use the true name of the debt collector's company name. Consequently, Defendants violated *15 USC 1692e(14)* for these 2 calls.

25. Because this violated certain portions of the FDCPA as these portions are incorporated by reference in the Rosenthal Act, Defendants' failure to disclose their identity or purpose of the call is a violation of *CCC 1788.17* for each call.

26. *47 USC 277A(1)* states in part:
    *Restrictions on use of telephone equipment*
    *(a) Definitions*
    *As used in this section—*
    *(1) The term "**automatic telephone dialing system**" means equipment which has the capacity—*
    *(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and*
    *(B) to dial such numbers.*

27. *47 USC 277b(1)A(iii)* states in part:
    *(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT*
    *(1) PROHIBITIONS.—It shall be unlawful for any person within the United States..*
    *(A) to make any call ( other than a call...with the prior express consent of the called party) using any **automatic telephone dialing system***
    *(iii) to any telephone number assigned to a... cellular telephone service... which the called party is charged for the call.*

28. *47 USC 277b(1)A(iii)* states in part:
    *(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT*
    *(1) PROHIBITIONS.—It shall be unlawful for any person within the United States..*

> **(A)** to make any call (other than a call...with the prior express consent of the called party) using an ... artificial or **prerecorded voice**
> **(iii)** to any telephone number assigned to a... cellular telephone service... which the called party is charged for the call.

29. **15 USC 1692a(5)** states in part;
> (5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

30. **15 USC 1692a(6)** states in part;
> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

31. **15 USC 1692e(11)** states in part;
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (11) The failure to disclose in the... initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector...

32. **15 USC 1692e(14)** states in part;
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

33. **15 USC 1692d(6)** states in part:
> A debt collector may not engage in any conduct the natural consequence

*of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.*

34. ***CCC 1788.2(b)*** states in part:

    *(b) the term "debt collection" means any act or practice in connection with the collection of consumer debts.*

35. ***CCC 1788.2(d)*** states in part:

    *(d) The term "debt" means money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person.*

36. ***CCC 1788.17*** states in part:

    *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code...*

## COUNT I OF CLAIM

### Violations of the TCPA

**(Against each Defendant)**

37. Plaintiff repeats and re-alleges each and every allegation stated above.

38. Defendants' aforementioned conduct violated the TCPA.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

   a. Adjudging that Defendants violated the TCPA;

   b. Awarding Plaintiff statutory damages, pursuant to *47 USC 227b(3)B*, of $500 for each of 19 telephone calls, totaling damages of $9,500 per Defendant;

   c. Awarding Plaintiff actual damages, Attorney's fees and costs.

   d. Awarding any injunctive or further relief the court deems proper.

1

2
## COUNT II OF CLAIM
3
### Violations of the TCPA
4
**(Against each Defendant)**
5
**39.** Plaintiff repeats and re-alleges each and every allegation stated above.

6
**40.** Defendants' aforementioned acts constitute numerous and multiple knowing
7
and/or willful violations of the TCPA.

8
WHEREFORE, Plaintiff prays for relief and judgment as follows:
9
    a. Adjudging that Defendants willfully and knowingly violated the
10
       TCPA;
11
    b. Awarding Plaintiff additional trebled statutory damages, pursuant to
12
       *47 USC 227b(3)C*, of $1,500 for each of 19 telephone calls, totaling
13
       damages of $28,500 per Defendant;
14
    c. Awarding Plaintiff actual damages, Attorney's fees and costs.

15
**41.** Awarding any injunctive or further relief the court deems proper.

16

17
## COUNT III OF CLAIM
18
### Violations of the FDCPA
19
**(Against each Defendant)**
20
**42.** Plaintiff repeats and re-alleges each and every allegation stated above.

21
**43.** Defendants' aforementioned acts constitute numerous and multiple knowing
22
and/or willful violations of the FDCPA.

23
WHEREFORE, Plaintiff prays for relief and judgment as follows:
24
    a. Adjudging that Defendants willfully violated the FDCPA;
25
    b. Awarding Plaintiff statutory damages, pursuant to *15 USC 1692k*, of
26
       $1,000 per Defendant;
27
    c. Awarding Plaintiff actual damages, Attorney's fees and costs pursuant
28
       to *15 USC 1692k.*

d. Awarding any injunctive or further relief the court deems proper.

## COUNT IV OF CLAIM

### Violations of the Rosenthal Act

### (Against each Defendant)

**44.** Plaintiff repeats and re-alleges each and every allegation stated above.

**45.** Defendants' aforementioned acts constitute numerous and multiple knowing and/or willful violations of the Rosenthal Act.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a. Adjudging that Defendants willfully violated the Rosenthal Act;

b. Awarding Plaintiff statutory damages, pursuant to *CCC 1788.30b*, of $1,000 per Defendant;

c. Awarding Plaintiff actual damages, Attorney's fees and costs pursuant to *CCC 1788.*

d. Awarding any injunctive or further relief the court deems proper.

### Demand for a Trial by Jury

Plaintiff demands a Trial by Jury, pursuant to Article 7 of the Constitution.

Respectfully submitted,

Dated: February 19, 2014

Clifford Bourgeois

## Business Licensing Service

Home | Start your business | Change or update your business information | How to renew your license

# Search Business Licenses

**License Information:**

| | |
|---|---|
| **Entity Name:** | RECEIVABLES PERFORMANCE MANAGEMENT, LLC |
| **Business Name:** | RECEIVABLES PERFORMANCE MANAGEMENT, LLC |
| **License Type:** | Washington State Business |
| **Entity Type:** | Limited Liability Company |
| **UBI:** | 602226604    Business ID:001    Location ID:0001 |
| **Status:** | To check the status of this company, go to Secretary of State and Department of Revenue. |

**Location Address:**
20816 44TH AVE W
LYNNWOOD, WA, 98036

**Mailing Address:**
ATTN: CORNERSTONE SUPPORT
70 MANSELL COURT #250
ROSWELL, GA, 30076

View Additional Locations

| | Status | Expires | First Issued |
|---|---|---|---|
| **Licenses Held at this location** | | | |
| Collection Agency | Active | 08/31/2014 | 11/14/2002 |
| Minor Work Permit | Active | 08/31/2014 | 01/22/2007 |
| **Registered Trade Names:** | | | |
| RECEIVABLES PERFORMANCE MANAGER | Active | N/A | 04/03/2007 |
| RPM COLLECTIONS | Active | N/A | 04/03/2007 |

**Governing People:**
HOWARD GEORGE

Information Current as of 02/05/2014 5:40AM Pacific Time

New Search

This site is limited to searching for business licenses issued through the Washington State Business Licensing Service.

Contact us | Forms | About us | Privacy    ©2011 Washington State Department of Revenue and its licensors. All rights reserved.    AccessWashington

# EXHIBIT
# A-1



## Services

RPM offers a wide variety of professional receivables management services. Full time, dedicated analytics team to maximize results

- Telemarketing Services
- Customized Dunning Notice Services
- Outsourcing and Pre-Collection Services
- Early Age Reactivation Services
- Late Stage / Post Statute Services
- Small Balance Portfolio Services
- Inbound and Outbound Services

Traditional primary, secondary and tertiary contingent services are also offered in these following industries:

- Bankcard & Financial
- Consumer Lending
- Telecommunications
- Utilities
- Retail
- Healthcare
- Commercial
- State & Local Government
- Small Balance Accounts - All Industries
- National Legal Services - ACA Certified MAP Attorneys

**EXHIBIT
A-2**

Public Utility Commission of Texas

## ADAD Report

## RECEIVABLES PERFORMANCE MANAGEMENT LLC

### Permit No: 060353

**Type:** ADAD
**Permit Approved Date:** 5/3/2006
**Date Last Renewed:** 5/3/2014

**DBA Names**

No DBA Records

**Contact Information**

*Company / Physical (Mailing Address)*
RECEIVABLES PERFORMANCE MANAGEMENT LLC
MIKE SOHNS
20816 44TH AVE WEST
LYNNWOOD, WA 98036
**Web:** www.receivablesperformance.com
**Email:** msohns@receivablesperformance.com
**Phone:** 800-618-6704
**Fax:** 425-984-6277

*ADAD Physical Address*
RECEIVABLES PERFORMANCE MANAGEMENT LLC
SAMANTHA BECK
1930 220TH STREET SE
SUITE 101
BOTHELL, WA 98021
**Web:** www.receivablesperformance.com
**Phone:** 800-618-6704
**Fax:** 425-984-6275

*ADAD Physical Address*
RECEIVABLES PERFORMANCE MANAGEMENT LLC
20816 44TH AVE WEST
LYNNWOOD, WA 98036
**Email:** alyce@receivablesperformance.com
**Phone:** 800-618-6704

**Reports**

2014
**ADAD Annual Report**
**Submitted:** 1/20/2014
**Approved:** 1/22/2014

2013
**ADAD Annual Report**
**Submitted:** 1/14/2013
**Approved:** 1/17/2013

2012
**ADAD Annual Report**
**Submitted:** 1/24/2012
**Approved:** 1/26/2012

2011
**ADAD Annual Report**
**Submitted:** 3/23/2011
**Approved:** 3/30/2011

2010
**ADAD Annual Report**
**Submitted:** 1/11/2010
**Approved:** 1/20/2010

2009
**ADAD Annual Report**
**Submitted:** 2/27/2009
**Approved:** 3/10/2009

2008
**ADAD Annual Report**
**Submitted:** 3/13/2008
**Approved:** 3/26/2008

2007
**ADAD Annual Report**
**Submitted:** 1/29/2007
**Approved:** 3/6/2007

*End Report*

**EXHIBIT
A-3**



*Accelerating your Receivables Performance*

Home | About Us | Services | Partnership | News & Awards | Testimonials | Contact Us | File a Complaint | Make a Payment







## Leadership



### Howard George
CEO of Receivables Performance Management LLC

Howard has worked in the collection industry since 1983. He began his career as a collector for Continental Credit Services. In 1989 he became the Vice President of Operations for Continental Alliance Inc. overseeing 250 employees in 11 offices in the Western United States. In 1999 he became Vice President of the Western Region Telecom & Utilities Division for OSI Collection Services Inc. His responsibilities included annual revenues of $16 million. In August, 2002, he became CEO and founder of Receivables Performance Management LLC. RPM has grown to 370 employees with branches in two locations. 2009 estimated revenue of over $18,300,000 and current active debt portfolios of $3.7 billion. Howard enjoys golfing, playing the guitar, family time and his new grandson.



### Chris Vittoz
CFO of Receivables Performance Management LLC

Chris graduated from the University of Michigan in 1998 with a degree in Economics. He joined Hewitt Associates, LLC, utilizing various analytical modeling tools to develop processes and improvements in the operation of client 401(k) plans. He left Hewitt Associates and joined Receivables Performance Management in 2003. Chris is currently responsible for overseeing the operations and strategy components across the company.

Chris is an amateur runner and climber, having finished several marathons and climbs in the Cascades and Rockies. He currently resides in Woodinville, Washington, conveniently adjacent to a 25-mile running trail.



### Keith Brammer
VP of Business Development

Keith began working in the Account Receivables Management industry in 1988 with Scottsdale Memorial Hospital. Keith joined the Continental Credit Services team in 1990 as an experienced Account Representative, and entered management in 1993. Keith had increased his responsibility to Collection Department Manager/Operational Analyst by 1998 overseeing two (2) Supervisors and 35 collectors. Keith gained invaluable experience working with such clients as US West, Qwest, Bank of America, Household Finance, Sprint, MCI WorldCom and AT&T Wireless, and many others. In the year 2000, Keith was promoted to Branch Manager with Continental Alliance, which had merged with two other regional agencies to become OSI Outsourcing Solutions. Keith assisted with a temporary Branch Manager assignment in Anchorage, AK and then subsequently relocated as Branch Manager to Denver, Colorado. When the decision was made by OSI to close the Denver, CO branch, Keith remained in Denver. Keith accepted a position with First Revenue Assurance of Denver, CO and managed the entire relationship for T-Mobile Telecommunications. Keith joined RPM in 2006 as Director of Business Development and brings unique insight to business development with his lengthy operational and analytical background. Keith possesses the breadth of experience in operations, analytics and business development to provide unique insight to all client relationships.

### Mark Case
Director of Compliance and General Counsel

Mark graduated from Gonzaga University with Administration in 2002 and received his Juris

**EXHIBIT B**

**Call #1**



Exhibit "C"

**Call #2**



Exhibit "D"

**Call #3**



Exhibit "E"

**Call #4**



Exhibit "F"

**Call #5**

<No record>
804-234-9019
10/24/2013 09:06 AM
00:00:32
Options

Exhibit "G"

**Call #6**



651-234-9019
10/28/2013 10:49 A
00:01:36

Options

**Exhibit "H"**

**Call #9**



11/03/2013

00:00:21

Options

Exhibit "K"

**Call #10**



<No record>
804-234-9019
11/05/2013 08:02 A
00:02:00
Options

Exhibit "L"

**Call #11**



&lt;No record&gt;
804-234-9019
11/07/2013 01:21 PM
00:00:00

Options

Exhibit "M"

**Call #12**



&lt;No records&gt;
804-234-9019
11/09/2013 03:25
00:01:30
Options

Exhibit "N"

**Call #13**



No records
804-234-9019
11/11/2013 11:25 AM
00:00:21

Options                    Exit

**Exhibit "O"**

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Clifford J. Bourgeois

**DEFENDANTS**

Receivables Performance Management, LLC; Howard George, CEO; Michelle Doe #1; John Doe #2

**(b)** County of Residence of First Listed Plaintiff     San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*

'14 CV 0394 JLS DHB

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                     *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | | ☒ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | Act |
| | Medical Malpractice | | Leave Act | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
47 USC 227 et seq., 15 USC 1692 et seq.
Brief description of cause:
Violations of the Fair Debt Collection Practices Act and the Telephone Consumer Protection Ac

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE                                    DOCKET NUMBER

DATE  2-19-2014          SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE