FILED

14 MAR 19 PM 2:53

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

_KCM_

DEPUTY

1 Clifford J. Bourgeois
2 6460 Convoy Ct., Spc 220
  San Diego, CA 92117
3 joebourg62@aol.com
4 (619) 606-5482

# District court of the United States
# Southern district of California

| | |
|---|---|
| **Clifford J. Bourgeois,**<br>  *Plaintiff,*<br><br>  vs,<br><br> **Receivables Performance Management, LLC,**<br><br> **Doe #1, Michelle (last name unknown), Employee, Receivables Performance Management, LLC,**<br><br> **Doe #2, Sahib (last name unknown), Employee, Receivables Performance Management, LLC,**<br><br> *Does 3 – 100, inclusive*<br>  *Defendants* | **Case No : '14 CV 0394 JLS DHB**<br><br> **First Amended Complaint for Damages**<br><br><br> **Trial by Jury Demanded** |

## NATURE OF THIS CLAIM/COMPLAINT

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the

1     Fair Debt Collection Practices Act, *15 USC 1692 et seq.* (hereinafter
2     "FDCPA"), to eliminate abusive debt collection practices by debt collectors,
3     to insure that those debt collectors who refrain from using abusive
4     debt collection practices are not competitively disadvantaged, and to
5     promote consistent State action to protect consumers against debt collection
6     abuses.

7   **2.**    The California legislature has determined that the banking and credit system
8       and grantors of credit to consumers are dependent upon the collection of just
9       and owing debts and that unfair or deceptive collection practices undermine
10      the public confidence that is essential to the continued functioning of
11      the banking and credit system and sound extensions of credit to consumers.
12      The Legislature has further determined that there is a need to ensure
        that debt collectors exercise this responsibility with fairness, honesty
        and due regard for the debtor's rights and that debt collectors must be
        prohibited from engaging in unfair or deceptive acts or practices.
16      The California legislature wrote The Rosenthal Fair Debt Collections Act,
17      *California Civil Code (CCC) 1788, et seq.* (hereinafter Rosenthal Act).

18   **3.**    The United States Congress has found evidence that residential telephone
19       subscribers consider automated or prerecorded telephone calls, regardless of
20      the content or the initiator of the message, to be a nuisance and an invasion
21      of privacy. Banning such automated or prerecorded telephone calls to the
22      home, except when the receiving party consents to receiving the call is the
23      only effective means of protecting telephone consumers from this nuisance
24      and privacy invasion. Congress wrote The Telephone Consumer Protection
25      Act of 1991, *47 USC 227.* (hereinafter TCPA).

26   **4.**    This Complaint for damages is brought by an individual Plaintiff for
27       Defendants' violations of the following three strict-liability statutes:

28

a. The Fair Debt Collection Practices Act, *15 USC 1692, et seq.* (FDCPA);

b. The Rosenthal Fair Debt Collections Act, *California Civil Code (CCC) 1788, et seq.* (Rosenthal Act) and;

c. The Telephone Consumer Protection Act, *47 USC 227* (TCPA).

5.   Plaintiff seeks to recover monetary damages for Defendants' violations of the FDCPA, the Rosenthal Act and the TCPA.

## JURISDICTION AND VENUE

6.   This court has jurisdiction pursuant to Article 3 of the Constitution, *15 USC 1692(k)d, 28 USC 1331 and CCC 1788.30f.*

7.   Plaintiff resides in San Diego County, California.  Defendants' conduct causing this complaint occurred in San Diego County, California.

8.   Venue is proper in the southern district of California.

## PARTIES

9.   The Plaintiff in this lawsuit is Clifford J. Bourgeois, a natural person residing in San Diego County, California and a consumer as defined by *15 USC 1692(a)3.*

10.  Defendant Receivables Performance Management, LLC (RPM) is a properly licensed debt collection agency **(Exhibit A-1)**, headquartered at 20816 44th Ave W., Lynnwood, WA  98036 **(Exhibit A-2)**.

11.  Defendant Doe #1, Michelle (last name unknown), is an employee of RPM and located in Lynnwood, WA.

12.  Defendant Doe #2, Sahib (last name unknown), is an employee of RPM and located in Lynnwood, WA.

13.  Defendants are persons who, at all relevant times, engaged in, by using the mails and telephone, the collection of a debt as defined by *15 USC 1692a(5)* and *CCC 1788.2(d).*

14. Defendants are "debt collectors" as defined by *15 USC 1692a(6) and CCC 1788.2(b).*

### FACTUAL ALLEGATIONS

15. From October 18, 2013 to November 11, 2013, Plaintiff received 13 calls to his wireless telephone (number (619) 606-5482) originating from (804) 234-9019 **(Exhibits C thru O)**.

16. The originating telephone number, (804) 234-9019, belongs to Defendants and is used in their "Automatic Telephone Dialing System" (ATDS) **[Exhibit A-3]**, as defined by *47 USC 277A(1)*, for outbound calling services **(Exhibit A-2)**.

17. On October 24, 2013, Plaintiff answered telephone call number five of 13 and spoke with a female identified only as "Michelle from RPM."

18. On October 28, 2013, Plaintiff answered telephone call number six of 13 and spoke with a male identified only as "Sahib from Receivables Performance Management." When Plaintiff asked the type of company Receivables Performance Management is, Sahib stated, "We are a financial institution."

19. Regarding each call, at no time has Plaintiff ever given his express consent, written or otherwise, allowing Defendants' use of ATDS equipment to call his wireless telephone. Consequently, Defendants violated *47 USC 277b(1)A(iii)* for each call.

20. Plaintiff answered six of the 13 calls and was greeted by a female prerecorded voice. At no time has Plaintiff ever given his express consent, written or otherwise, allowing Defendants' use of a prerecorded voice to call his wireless telephone. Consequently, Defendants violated *47 USC 277b(1)A(iii)* for 6 calls.

21. During each call, Defendants failed to disclose their identity or purpose of the call. Consequently, Defendants violated *15 USC 1692d(6)* for each call.

22. During each call, Defendants failed to disclose they were a debt collector. Consequently, Defendants violated *15 USC 1692e(11)* for each call.

23. During calls five and six, Defendants did not use the true name of the debt collector's company name. Consequently, Defendants violated *15 USC 1692e(14)* for these 2 calls.

24. Because this violated certain portions of the FDCPA as these portions are incorporated by reference in the Rosenthal Act, Defendants' failure to disclose their identity or purpose of the call is a violation of *CCC 1788.17* for each call.

25. *47 USC 277A(1)* states in part:
   *Restrictions on use of telephone equipment*
   *(a) Definitions*
   *As used in this section—*
   *(1) The term "**automatic telephone dialing system**" means equipment which has the capacity—*
   *(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and*
   *(B) to dial such numbers.*

26. *47 USC 277b(1)A(iii)* states in part:
   *(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT*
   *(1) PROHIBITIONS.—It shall be unlawful for any person within the United States..*
   *(A) to make any call ( other than a call...with the prior express consent of the called party) using any **automatic telephone dialing system***
   *(iii) to any telephone number assigned to a... cellular telephone service... which the called party is charged for the call.*

27. *47 USC 277b(1)A(iii)* states in part:
   *(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT*
   *(1) PROHIBITIONS.—It shall be unlawful for any person within the United States..*
   *(A) to make any call (other than a call...with the prior express consent of the called party) using an ... artificial or **prerecorded voice***
   *(iii) to any telephone number assigned to a... cellular telephone*

*service… which the called party is charged for the call.*

28. **15 USC 1692a(5)** states in part;

*(5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.*

29. **15 USC 1692a(6)** states in part;

*(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.*

30. **15 USC 1692e(11)** states in part;

*A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(11) The failure to disclose in the… initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector…*

31. **15 USC 1692e(14)** states in part;

*A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.*

32. **15 USC 1692d(6)** states in part:

*A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

(6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

33. **CCC 1788.2(b)** states in part:

(b) the term "debt collection" means any act or practice in connection with the collection of consumer debts.

34. **CCC 1788.2(d)** states in part:

(d) The term "debt" means money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person.

35. **CCC 1788.17** states in part:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code...

<u>**COUNT I OF CLAIM**</u>

<u>**Violations of the TCPA**</u>

**(Against Defendant RPM)**

36. Plaintiff repeats and re-alleges each and every allegation stated above.

37. Defendants' aforementioned conduct violated the TCPA.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

    a. Adjudging that Defendants violated the TCPA;

    b. Awarding Plaintiff statutory damages, pursuant to *47 USC 227b(3)B*, of $500 for each of 19 telephone calls, totaling damages of $9,500 per Defendant;

    c. Awarding Plaintiff actual damages, Attorney's fees and costs.

    d. Awarding any injunctive or further relief the court deems proper.

## COUNT II OF CLAIM
## Violations of the TCPA
### (Against Defendant RPM)

38. Plaintiff repeats and re-alleges each and every allegation stated above.

39. Defendants' aforementioned acts constitute numerous and multiple knowing and/or willful violations of the TCPA.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

   a. Adjudging that Defendants willfully and knowingly violated the TCPA;

   b. Awarding Plaintiff additional trebled statutory damages, pursuant to *47 USC 227b(3)C*, of $1,500 for each of 19 telephone calls, totaling damages of $28,500 per Defendant;

   c. Awarding Plaintiff actual damages, Attorney's fees and costs.

40. Awarding any injunctive or further relief the court deems proper.

## COUNT III OF CLAIM
## Violations of the FDCPA
### (Against each Defendant)

41. Plaintiff repeats and re-alleges each and every allegation stated above.

42. Defendants' aforementioned acts constitute numerous and multiple knowing and/or willful violations of the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

   a. Adjudging that Defendants willfully violated the FDCPA;

   b. Awarding Plaintiff statutory damages, pursuant to *15 USC 1692k*, of $1,000 per Defendant;

   c. Awarding Plaintiff actual damages, Attorney's fees and costs pursuant to *15 USC 1692k.*

   d. Awarding any injunctive or further relief the court deems proper.

## COUNT IV OF CLAIM

### Violations of the Rosenthal Act

### (Against each Defendant)

43. Plaintiff repeats and re-alleges each and every allegation stated above.

44. Defendants' aforementioned acts constitute numerous and multiple knowing and/or willful violations of the Rosenthal Act.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

    a. Adjudging that Defendants willfully violated the Rosenthal Act;

    b. Awarding Plaintiff statutory damages, pursuant to *CCC 1788.30b*, of $1,000 per Defendant;

    c. Awarding Plaintiff actual damages, Attorney's fees and costs pursuant to *CCC 1788.*

    d. Awarding any injunctive or further relief the court deems proper.

### Demand for a Trial by Jury

Plaintiff demands a Trial by Jury, pursuant to Article 7 of the Constitution.

Respectfully submitted,

Dated: March 19, 2014

_____

Clifford Bourgeois



State of Washington
## Business Licensing Service

Home | Start your business | Change or update your business information | How to renew your license

# Search Business Licenses

**License Information:**
**Entity Name:** RECEIVABLES PERFORMANCE MANAGEMENT, LLC
**Business Name:** RECEIVABLES PERFORMANCE MANAGEMENT, LLC
**License Type:** Washington State Business
**Entity Type:** Limited Liability Company
**UBI:** 602226604   Business ID:001   Location ID:0001
**Status:** To check the status of this company, go to <u>Secretary of State</u> and <u>Department of Revenue</u>.

**Location Address:**
20816 44TH AVE W
LYNNWOOD, WA, 98036

**Mailing Address:**
ATTN: CORNERSTONE SUPPORT
70 MANSELL COURT #250
ROSWELL, GA, 30076

<u>View Additional Locations</u>

|  | Status | Expires | First Issued |
|---|---|---|---|
| **Licenses Held at this location** |  |  |  |
| <u>Collection Agency</u> | <u>Active</u> | 08/31/2014 | 11/14/2002 |
| <u>Minor Work Permit</u> | <u>Active</u> | 08/31/2014 | 01/22/2007 |
| **Registered Trade Names:** |  |  |  |
| RECEIVABLES PERFORMANCE MANAGER | Active | N/A | 04/03/2007 |
| RPM COLLECTIONS | Active | N/A | 04/03/2007 |

**Governing People:**
HOWARD GEORGE

Information Current as of 02/05/2014 5:40AM Pacific Time

New Search

This site is limited to searching for business licenses issued through the Washington State Business Licensing Service.

Contact BLS | Forms | About us | Privacy   © 201. Washington State Department of Revenue and its licensors. All rights reserved.   AccessWashington

# EXHIBIT
# A-1



## Services

RPM offers a wide variety of professional receivables management services. Full time, dedicated analytics team to maximize results

- Telemarketing Services
- Customized Dunning Notice Services
- Outsourcing and Pre-Collection Services
- Early Age Reactivation Services
- Late Stage / Post Statute Services
- Small Balance Portfolio Services
- Inbound and Outbound Services

Traditional primary, secondary and tertiary contingent services are also offered in these following industries:

- Bankcard & Financial
- Consumer Lending
- Telecommunications
- Utilities
- Retail
- Healthcare
- Commercial
- State & Local Government
- Small Balance Accounts - All Industries
- National Legal Services - ACA Certified MAP Attorneys

**EXHIBIT**
**A-2**

## Public Utility Commission of Texas

## ADAD Report

## RECEIVABLES PERFORMANCE MANAGEMENT LLC

### Permit No: 060353

**Type:** ADAD

**Permit Approved Date:** 5/3/2006

**Date Last Renewed:** 5/3/2014

**DBA Names**

No DBA Records

**Contact Information**

*Company / Physical  (Mailing Address)*
RECEIVABLES PERFORMANCE MANAGEMENT
LLC
MIKE SOHNS
20816 44TH AVE WEST
LYNNWOOD,WA 98036
**Web:** www.receivablesperformance.com
**Email:** msohns@receivablesperformance.com
**Phone:** 800-618-6704
**Fax:** 425-984-6277

*ADAD Physical Address*
RECEIVABLES PERFORMANCE MANAGEMENT
LLC
SAMANTHA BECK
1930 220TH STREET SE
SUITE 101
BOTHELL,WA 98021
**Web:** www.receivablesperformance.com
**Phone:** 800-618-6704
**Fax:** 425-984-6275

*ADAD Physical Address*
RECEIVABLES PERFORMANCE MANAGEMENT
LLC
20816 44TH AVE WEST
LYNNWOOD,WA 98036
**Email:** alyce@receivablesperformance.com
**Phone:** 800-618-6704

**Reports**

| 2014 | 2013 |
|---|---|
| **ADAD Annual Report** | **ADAD Annual Report** |
| **Submitted:** 1/20/2014 | **Submitted:** 1/14/2013 |
| **Approved:** 1/22/2014 | **Approved:** 1/17/2013 |
| 2012 | 2011 |
| **ADAD Annual Report** | **ADAD Annual Report** |
| **Submitted:** 1/24/2012 | **Submitted:** 3/23/2011 |
| **Approved:** 1/26/2012 | **Approved:** 3/30/2011 |
| 2010 | 2009 |
| **ADAD Annual Report** | **ADAD Annual Report** |
| **Submitted:** 1/11/2010 | **Submitted:** 2/27/2009 |
| **Approved:** 1/20/2010 | **Approved:** 3/10/2009 |
| 2008 | 2007 |
| **ADAD Annual Report** | **ADAD Annual Report** |
| **Submitted:** 3/13/2008 | **Submitted:** 1/29/2007 |
| **Approved:** 3/26/2008 | **Approved:** 3/6/2007 |

*End Report*

# EXHIBIT
# A-3

**Call #1**



Exhibit "C"

**Call #2**



Exhibit "D"

**Call #3**



Exhibit "E"

**Call #4**



Exhibit "F"

**Call #5**



View

<No record>
804-234-9019
10/24/2013 09:06 AM
00:00:32

Options                    Back

Exhibit "G"

**Call #6**



**Exhibit "H"**

**Call #7**



Exhibit "I"

**Call #8**



Exhibit "J"

**Call #9**



<No record>
804-234-9019
11/03/2013 08:3
00:00:21

Options

Exhibit "K"

**Call #10**



Exhibit "L"

**Call #11**



<No record>
804-234-9019
11/07/2013 01:21 PM
00:00:00

Options          Back

**Exhibit "M"**

**Call #12**



Exhibit "N"

**Call #13**



Exhibit "O"

DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS060888
Cashier ID: kdelabar
Transaction Date: 03/19/2014
Payer Name: CLIFFORD BOURGEOIS
------------------------------------
CIVIL FILING FEE
 For: CLIFFORD BOURGEOIS
 Case/Party: D-CAS-3-14-CV-000394-001
 Amount:      $400.00
------------------------------------
CHECK
 Check/Money Order Num: 21588303543
 Amt Tendered:  $400.00
------------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00


There will be a fee of $53.00
charged for any returned check.