1  Sean P. Flynn (SBN 220184)
   sflynn@gordonrees.com
2  Nathaniel J. Tarvin (SBN 251094)
   ntarvin@gordonrees.com
3  **GORDON & REES LLP**
   2211 Michelson Dr., Suite 400
4  Irvine, CA 92612
   Telephone:   (949) 255-6950
5  Facsimile:   (949) 474-2060

6  Attorneys for Defendant,
   Receivables Performance Management, LLC
7

8              **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT DISTRICT OF CALIFORNIA**

10

11  Clifford J. Bourgeois                  Case No:  14cv0394-JLS(DHB)

12              Plaintiff,             **DEFENDANT RECEIVABLES
                                       PERFORMANCE MANAGEMENT,**
13       vs.                           **LLC'S ANSWER; AND DEMAND FOR
                                       JURY TRIAL**
14  Receivables Performance Management,
    LLC; Howard George, CEO Receivables
15  Performance Management, LLC; Michelle
    Doe #1;  Sahib Doe #2; Does 3-100,
16  inclusive

17              Defendants.

18

19

20       Defendant Receivables Performance Management, LLC ("Defendant") hereby

21  responds on behalf of itself, and no other, to the First Amended Complaint of Plaintiff

22  Clifford J. Bourgeois ("Plaintiff") as follows:

23       1.      Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendant

24  generally denies each and every allegation contained in the complaint except those

25  expressly admitted below.

26       2.      Defendant admits the allegations of paragraphs:  6 and 10.

27

28

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the items set forth in the prayer for relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

## (BONA FIDE ERROR)

Plaintiff's claims are barred as against Defendant by 15 U.S.C. § 1692k(c) and California Civil Code 1788.30(c).

## SECOND AFFIRMATIVE DEFENSE

## (PREEMPTION)

Plaintiff's state law claims are barred as against Defendant by federal statutes, including 15 U.S.C. § 1692 et seq.

## THIRD AFFIRMATIVE DEFENSE

## (EXHAUSTION OF ADMINISTRATIVE REMEDIES)

Plaintiff's Complaint is barred due to his failure to exhaust his administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

## (IMPROPER REQUEST FOR STATUTORY DAMAGES)

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover statutory damages under Civil Code § 1788.30 and thus all requests for statutory damages there under are improper.

## FIFTH AFFIRMATIVE DEFENSE

## (STATUTE OF LIMITATIONS)

Defendant is informed and believes and thereon alleged that the applicable statutes of limitation bar all claims for relief in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

## (CONTRIBUTORY/COMPARATIVE FAULT)

Defendant is informed and believes and thereon alleges that any alleged damages

1  sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted
2  from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or
3  wrongdoing by Defendant.

4  <div align="center">**SEVENTH AFFIRMATIVE DEFENSE**</div>
5  <div align="center">**(FAILURE TO MITIGATE)**</div>

6  The damages claimed by Plaintiff could have been mitigated with due diligence or
7  by one acting under similar circumstances.  Plaintiff's failure to mitigate is a bar to
8  recovery under the Complaint.

9  <div align="center">**EIGHTH AFFIRMATIVE DEFENSE**</div>
10  <div align="center">**(ESTOPPEL)**</div>

11  The Complaint and each of its purported claims for relief are barred by the doctrine
12  of estoppel.

13  <div align="center">**NINTH AFFIRMATIVE DEFENSE**</div>
14  <div align="center">**(LACHES)**</div>

15  The Complaint and each of its purported claims for relief are barred by the doctrine
16  of laches.

17  <div align="center">**TENTH AFFIRMATIVE DEFENSE**</div>
18  <div align="center">**(UNCLEAN HANDS)**</div>

19  The Complaint and each of its purported claims for relief are barred by the doctrine
20  of unclean hands.  Plaintiff's Complaint does not contend that the subject debt is not
21  owed, nor that the subject debt has been satisfied.  As such, Plaintiff is in breach of the
22  agreement with the credit originator, and but for the breach of that agreement Defendant
23  would not have communicated with Plaintiff.

24  <div align="center">**ELEVENTH AFFIRMATIVE DEFENSE**</div>
25  <div align="center">**(WAIVER)**</div>

26  The Complaint and each of its purported claims for relief are barred by the doctrine
27  of waiver.

28

## TWELFTH AFFIRMATIVE DEFENSE
### (GOOD FAITH)

Defendant alleges that at all times it acted in good faith and with good cause.  The conduct of Defendant was within the reasonable expectations of the parties and was reasonably related to Defendant's legitimate business interests upon the basis of reasonable factors.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint, fails to state facts sufficient to constitute a cause of action against Defendant relative to the content of the alleged communications and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (JOINDER)

Defendant is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiffs are the result of the acts or omissions of third persons over whom Defendant had neither control nor responsibility, and whom Plaintiff has failed to name in this action.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (CONSENT)

Defendant is informed and believes and thereon alleges that Plaintiff consented to receiving calls from Defendant by virtue of providing his mobile telephone number to Defendant's predecessor(s) in interest.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (RESERVED AFFIRMATIVE DEFENSES)

Defendant alleges that the Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time. Defendant therefore reserves the right to assert all defenses that may pertain to the

1  Complaint as the facts of the case are discovered.

2       **WHEREFORE**, Defendant prays as follows:

3       1.      Plaintiff takes nothing by way of her Complaint herein and that this action is

4  dismissed in its entirety;

5       2.      For Defendant's attorney's fees and costs incurred herein;

6       3.      For such other relief as the Court may deem just and proper.

7

8  Dated:  May 5, 2014                        **GORDON & REES LLP**

9                                      By:  _____ */s/ Nathaniel J. Tarvin*
                                           Sean P. Flynn
10                                          Nathaniel J. Tarvin
                                           Attorneys for Defendant
11                                          Receivables Performance Management, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER; AND DEMAND FOR JURY TRIAL

1

## **DEMAND FOR JURY TRIAL**

2     PLEASE TAKE NOTICE that defendant Receivables Performance Management,

3   LLC hereby demands a trial by jury in this action.

4

5   Dated:  May 5, 2014                        **GORDON & REES LLP**

6                                          By:  _____  */s/ Nathaniel J. Tarvin*  _____
                                                 Sean P. Flynn
7                                                Nathaniel J. Tarvin
                                                 Attorneys for Defendant
8                                                Receivables Performance Management, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER; AND DEMAND FOR JURY TRIAL

1

<div align="center">PROOF OF SERVICE</div>

2       I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action.  My business address is: Gordon & Rees LLP 2211 Michelson Drive Suite
3    400, Irvine, CA 92612.  On May 5, 2014, I served the within documents:

4       DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT, LLC'S ANSWER
AND DEMAND FOR JURY TRIAL; DEFENDANT RECEIVABLE PERFORMANCE
5    MANAGEMENT, LLC'S NOTIC EOF APPEARANCE OF COUNSEL; DEFENDANT
RECEIVABLES PERFORMANCE MANAGEMENT, LLC'S NOTICE OF PARTY WITH
6    FINANCIAL INTEREST

7    ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set
forth below on this date before 5:00 p.m.
8
☐   by personally delivering the document(s) listed above to the person(s) at the
9        address(es) set forth below.

10   ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in United States mail in the State of California at Irvine, addressed as set
11       forth below.

12       Clifford J. Bourgeois
6460 Convoy Ct., Spc 220
13       San Diego, CA 92117

14       I am readily familiar with the firm's practice of collection and processing correspondence
for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
15   day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
16   meter date is more than one day after the date of deposit for mailing in affidavit.

17       I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.
18
I declare that I am employed in the office of a member of the Bar of this court at whose
19   direction the service was made.

20       Executed on May 5, 2014 at Irvine, California.

21

22                                   Pamela S. Garthe

23                                   Pamela S. Garthe

24

25

26

27

28

<div style="writing-mode: vertical;">Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612</div>