Clifford J. Bourgeois
6460 Convoy Ct., Spc 220
San Diego, CA 92117
joebourg62@aol.com
(619) 606-5482

# District court of the United States
# Southern district of California

| Clifford J Bourgeois | Case No. 14cv0394-JLS-DHB |
|---|---|
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT, LLC'S NOTICE OF EX PARTE APPLICATION AND REQUEST TO APPEAR TELEPHONICALLY AT THE EARLY NEUTRAL EVALUATION CONFERENCE** |
| vs. | |
| Receivables Performance Management, LLC, et al | |
| Defendants | |

## I
## Preliminary and Background Statement

Plaintiff Clifford J Bourgeois hereby opposes the Ex Parte Application of Receivables Performance Management, LLC, (RPM) Re: Request to Appear Telephonically at the Early Neutral Evaluation Conference (ENE). At the maximum, based on the following factual and legal arguments, this entire Ex Parte Application should be deemed a Sham Pleading and denied, or, in the alternative, denied for failure to show good cause.

On May 7, 2014, the Court issued a Minute Order setting an Early Neutral

Evaluation Conference for July 3, 2014 at 10:00 a.m. in the chambers of United States Magistrate Judge David H. Bartick, 333 West Broadway, 10th Floor, Suite 1080, San Diego, California.

The Court's Minute Order states, in part, that "**... all named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into a settlement shall appear in person at the conference, ...**"

## II

## Argument

A. **Defendant's Ex Parte Application should be denied on its face as an improper pleading.**

Judge Bartick's **Chamber Rules, II, B,** state, in part, *"If counsel still wish to request that a required party be excused from personally appearing, they must confer with opposing counsel prior to making the request. Such requests may then be made by filing a Joint Motion at least seven (7) days before the scheduled ENE ..."*

The clear intent of this rule is that both sides agree to the telephonic appearance first, then file a Joint motion.

Plaintiff never agreed to waive the personal appearance of RPM's representative, as evidenced by Plaintiff's Exhibit P, which states in part,

*"Regarding a telephonic appearance for RPM's representative at the ENE Conference, **I DO NOT consent**. As indicated in the Order, I agree with the Order and I also require "all named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear in person at the conference." Clearly this will give your client an opportunity to meet me, the man whose privacy has been invaded several times."*

Therefore, as the filing of an Ex Parte Application is completely improper and a violation of the Chamber Rules, Defendant's Ex Parte Application should be denied on its face.

B.  **Defendant's Ex Parte Application Should Be Denied Because Defendant Has Not Shown Good Cause For Their Attendance At the ENE To Be Excused**

Defendant's Ex Parte Application should be denied because Defendants have not shown good cause for their appearance in person at the ENE to be excused.

As stated earlier, The Court's May 7, 2014 Minute Order states, in part, that

**"… all named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into a settlement shall appear in person at the conference, …"**

Furthermore, Judge Bartick's **Chamber Rules, II, B,** state, in part, *"The Court will **not** grant requests to excuse a required party from personally appearing, absent extraordinary circumstances. Distance or cost of travel alone does not constitute an "extraordinary circumstance.""*

RPM's only basis for Excusal is some sort of "Case Value to Travel Cost" formula supported by wishful thinking, grossly misleading numbers, no facts in evidence, no case law or even lower court rulings.

The first misleading number is the amount in controversy figure by RPM and their counsel of $2,000. Their wishful thinking does not include the TCPA statutory damages amount of $19,500 for 13 phone calls. Plaintiff's claim against RPM totals $21,500 plus an additional $4,000 FDCPA claim against RPM's employee's, a far cry from $2,000.

The second misleading number is the unsubstantiated travel expenses far in excess of $2,000. Plaintiff's Exhibit Q clearly shows that on June 16, 2014, round-trip air from Seattle and one night at a 4-Star hotel in downtown San Diego would only cost about $556. Adding round-trip cab fare from the Airport to the hotel and meals doesn't even come close to more than the $2,000 RPM claims.

When a debt collection company violates Federal and State strict liability statutes, costs, regardless of the amount, associated with defending a lawsuit is a

normal cost of doing business, NOT an extraordinary circumstance, therefore, no good cause exists to excuse RPM from personally appearing at the ENE and RPM's Ex Parte Application should be denied.

## III
### Conclusion

RPM's costs to attend the ENE in person does not rise to the level of an "extraordinary circumstance" and does not constitute good cause to excuse their personal appearance. The purpose of an ENE is to expedite the action, discourage wasteful pretrial activities, identify and narrow the issues, and facilitate settlement. Plaintiff respectfully submits that the best way to serve the purposes of an ENE is to have all parties and their counsel physically present at the ENE. For these reasons, Plaintiff request that Defendants' Ex Parte Application be denied.

Respectfully submitted,
Dated: June 23, 2014

*/s/ Clifford B.*
Clifford Bourgeois

Thank you,

**Sean P. Flynn** | Partner
**GORDON & REES LLP**

🖶 Please consider the environment before printing this email.

From: Joe Bourgeois [mailto:joebourg62@aol.com]
Sent: Sunday, May 18, 2014 12:21 PM
To: Sean Flynn
Cc: Leslie Handy
Subject: Re: Bourgeois v. RPM

Hey There Mr. Flynn,

Regarding a telephonic appearance for RPM's representative at the ENE Conference, I DO NOT consent. As indicated in the Order, I agree with the Order and I also require "all named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear in person at the conference." Clearly this will give your client an opportunity to meet me, the man whose privacy has been invaded several times.

You asked for my thoughts on settling before the ENE Conference and here they are.

I am more than willing to settle this among ourselves. Contrary to what your client may have indicated to you, based on your "Seventh Affirmative Defense (Failure to Mitigate)", I have always been willing to settle this matter outside of Federal Court. I gave your client two opportunities, in writing, to settle prior to my filing my Claim in Court. Try as I might, your client is convinced I am Brian Shapiro, 4815 63rd St., San Diego, CA, and not really Joe Bourgeois.

Currently, my Claim, as filed, totals $44,000. In the interest of saving your client additional time, expense and effort in litigation, I am willing to settle my Claim outside of Court for $22,000 and a promise to never invade my privacy in the future.

Thank you for your attention in this matter and let me know,

Joe

-----Original Message-----
From: Sean Flynn <sflynn@gordonrees.com>
To: joebourg62 <joebourg62@aol.com>
Cc: Leslie Handy <lhandy@gordonrees.com>
Sent: Fri, May 16, 2014 10:10 am
Subject: Bourgeois v. RPM

Good Morning Mr. Bourgeois,

I represent RPM in your lawsuit against the company. In case you haven't already received a copy, attached is the Court's Order setting the ENE for this case on July 3, 2014. The Order requires the presence of the named parties. As you know, my client is based in the state of Washington. I would like to ask if you would be willing to stipulate to having my client's representative appear via telephone rather than in person? If so, my office will prepare the Joint Motion and proposed Order, as well as take care of all of the filing regarding this stipulation.

Alternatively, we can try to settle this case by ourselves and avoid having to appear that the ENE all together. Please let me know your thoughts on this topic.

Thanks,

**Sean P. Flynn** | Partner
**GORDON & REES LLP**

2211 Michelson Drive, Suite 400
Irvine, CA 92612
P: 949-255-6950

**Exhibit P**

**✈ travelocity**

Home | Vacation Packages | Hotels | Cars | Flights | Cruises | Things to Do | Deals | Get Inspired | Mobile

## Your Trip to San Diego, CA

Jul 2, 2014 - Jul 3, 2014 | Total price: **$556.55**    Only 3 tickets left at this price!

✔ Your flight and hotel were added to your trip.

✈

| Jul 2, 2014 - Departure | Nonstop | Total travel time : 2h 50m |
|---|---|---|
| Web Fare | | |
| Seattle  SEA 1:46pm  Delta 5785 Operated by /COMPASS DBA DELTA CONNECTION  Economy/Coach (X) | San Diego  SAN 4:36pm | 2h 50m |
| Jul 3, 2014 - Return | Nonstop | Total travel time : 2h 42m |
| Web Fare | | |
| San Diego  SAN 5:06pm  Delta 5785 Operated by /COMPASS DBA DELTA CONNECTION  Economy/Coach (Q) | Seattle  SEA 7:48pm | 2h 42m |

| Jul 2, 2014 - Jul 3, 2014 | 1 night |
|---|---|
| **San Diego Marriott Marquis & Marina**  San Diego  Standard Room | 4.3 out of 5  (31 reviews) |

▶ **CONTINUE BOOKING**

Save this Itinerary

### Trip Summary

**Seattle to San Diego**
Jul 2, 2014 - Jul 3, 2014
1 Ticket: 1 Adult

San Diego Marriott Marquis & Marina
Jul 2, 2014 - Jul 3, 2014
1 Room 1 night

| Flight + Hotel | $625.58 |
|---|---|
| Your Savings | -$69.03 |
| **Total:** | **$556.55** |

All prices include taxes & fees and are quoted in US dollars

✔ **Travelocity Price Guarantee**
Congratulations! You're getting the lowest possible rate. We guarantee it.

 Same great rates, expert advice
1-855-214-8328

Important Information

We want you to know this trip has the following restrictions regarding your flight and hotel.

- Tickets are **nonrefundable and nontransferable**. A fee of $200.00 per ticket is charged for itinerary changes. Name changes are not allowed.

- The airline may charge additional fees for checked baggage or other optional services.

- This hotel reservation is **nonrefundable** and cannot be changed or canceled.

Reward Yourself with the
Travelocity Rewards
American Express® Card

Limited Time Bonus Offer

 Learn How

Travelocity

● **Expedia** About Travelocity
- Global Sites Customer Support
- Other Links Press Releases
- Travelocity Partners
    ● Advertising
© 1996-2014 Travelocity.com LP. All rights reserved. Travelocity, the Stars Design, and The Roaming Gnome Design are trademarks of Travelocity.com LP. Use of this Web site constitutes Jobs acceptance of the Travelocity User Agreement and Privacy Policy. CST# 2056372-50

- TV Ads
- Site Map

https://www.travelocity.com/Details?action=UnifiedDetailsWidget%40showDetails&pid=acb06544-4105-4015-92f3-b9a7e052fac5-6&c=f1e78487-974d-4b9e-ae7c-a67098a9c77e&referringProduct=packa



Exhibit Q

```
 1  Clifford Bourgeois
    6460 Convoy Ct., Spc 220
 2  San Diego, CA  92117
 3  (619) 606-5482
    Pro se
 4
 5
 6
 7
 8              District court of the United States
 9                 Southern district of California
```

| | |
|---|---|
| 10   Clifford J Bourgeois | Case No.: 14cv00394-JLS-CHB |
| 11        Plaintiff, | |
| 12   Vs. | **Certificate of Service** |
| 13   Receivables Performance Management, | |
| 14   LLC, et al, | |
| 15        Defendants | |

### Certificate of Service

I, Clifford J Bourgeois, certify and declare that I am over the age of 18 years and am the Pro Se Plaintiff.

On June 20, 2014, I served a true and correct copy of the following:

**PLAINTIFF'S OPPOSITION TO DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT, LLC'S NOTICE OF EX PARTE APPLICATION AND REQUEST TO APPEAR TELEPHONICALLY AT THE EARLY NEUTRAL EVALUATION CONFERENCE**

on the following:

Sean Flynn%Grodon & Rees, LLP

2211 Michelson Dr., Ste 400

Irvine, CA  92612

1  I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.

3                                    Respectfully submitted,
4                                    Dated: June 23, 2014

                                     _____
                                     Clifford Bourgeois
                                     USPS Cert. Mail
                                     #70122920000183528455